UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| **PAMELA J. O'BRIEN,** | : | Civil Action No.: 06-4864(FLW) |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **INTERNATIONAL BUSINESS** | : | **M E M O R A N D U M** |
| **MACHINES, INC.,** | : | **O P I N I O N** |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

**HUGHES, U.S.M.J.**

**I.      INTRODUCTION**

This matter is before the Court on *pro se* Plaintiff Pamela O'Brien's ("Plaintiff") Motion for Reconsideration of the Court's May 22, 2008 Order denying Plaintiff's Motion to Compel without prejudice [dkt. entry no. 11]. Defendant IBM ("Defendant") filed opposition on June 23, 2008. Plaintiff filed her reply brief on June 29, 2008. The Court has decided this Motion based upon the submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Plaintiffs' Motion for Reconsideration is denied.

**II**.      **BACKGROUND**

The Court incorporates by reference the factual summary provided in its Order entered May 22, 2008. There, the Court denied Plaintiff's Motion to Compel responses to sixty-three (63) single-spaced pages worth of interrogatories and a sixty-five (65) single-spaced page request

1

for document production two (or three) days prior to the close of discovery.[1] The Motion was denied without prejudice to file a Rule 56(f) statement to the Court in response to any motion for summary judgment.[2] Plaintiff has now moved for reconsideration of the Court's denial of her Motion to Compel.

### III. DISCUSSION

#### A. Standard of Review

A court will grant a motion for reconsideration only if the movant establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A party making a motion for reconsideration must submit a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." *N. River Ins. Co.*, 52 F.3d at 1218. In other words, the movant may address only matters that were presented in its original motion to the Court, but were not considered by the Court in making the decision at issue. *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) (reconsideration is not

---

[1] There is a debate as to whether Plaintiff filed this Motion to Compel two (2) or three (3) days prior to the close of discovery. The Court will give Plaintiff the benefit of the doubt and assume that she filed the Motion to Compel three (3) days prior to the close of discovery.

[2] Fed. R. Civ. P. 56(f) states that "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify the opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order."

to be used as a means of expanding the record to include matters not originally before the court); *and Resorts Int'l Inc. v. Greate Bay Hotel and Casino, Inc.*, 830 F. Supp. 826, 831 n.3 (D.N.J. 1992) (same).  However, a party asserting a difference of opinion with a court's decision should not bring a motion for reconsideration; rather, he or she should seek relief through the normal appellate process. *Chicosky v. Presbyterian Med. Ctr.*, 979 F. Supp. 316, 318 (D.N.J. 1997). "[R]econsideration is an extraordinary remedy, that is granted very sparingly." *Brackett v. Ashcroft*, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *5 (D.N.J. Oct. 7, 2003)

    B.    <u>Analysis</u>

Here, Plaintiff has neither indicated there has been an intervening change in the law nor brought any new evidence to the Court's attention.  Plaintiff argued that she will suffer a manifest injustice if the Court does not reconsider its May 22, 2008 Order.  (Pl.'s Ltr. Reply Br. at 1.)  Plaintiff's motion papers assert that her motion was made within the discovery period, the Court previously granted her an extension, and any delay in filing was inadvertent and should be excused pursuant to Federal Rule of Civil Procedure 60. *Id.* at 1-3.  While Plaintiff has the right to appeal the Court's decision to the trial judge, she has not shown any manifest injustice.  Put another way, Plaintiff has failed to satisfy the criteria for the Court to reconsider its previous Order.  Accordingly, Plaintiff's motion is denied.

**IV.**    **CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Reconsideration is denied.  Plaintiff has not established that the Court's Order dated May 22, 2008 overlooked any law or fact.  An appropriate Order accompanies this Memorandum Opinion.

**DATED**: July 7, 2008